IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID E. HENRY, M.D., | CIVIL NO. 18-00500 JAO-WRP |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEY FEES |
| CASTLE MEDICAL CENTER, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO
DENY DEFENDANT'S MOTION FOR ATTORNEY FEES

On June 3, 2022, Defendant Castle Medical Center (Castle) filed its Motion for Attorney Fees (Fee Motion) seeking $110,717.23 in fees. See ECF No. 155. Plaintiff filed his opposition to the Fee Motion on June 13, 2022. See ECF No. 158. Castle filed a reply in support of its Fee Motion on June 20, 2022. See ECF No. 159.

After careful consideration of the parties' filings, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Castle's Fee Motion be DENIED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

BACKGROUND

Plaintiff is a Caucasian male who is a board-certified surgeon. See ECF No. 104 ¶ 2. In this action, he alleged that Castle, who had offered him a position as a bariatric surgeon, discriminated and retaliated against him based on his race. See ECF No. 104.

Plaintiff initially filed this action in December 2018. See ECF No. 1. After Castle first moved to dismiss, the District Court stayed the action pending the disposition of the appeal in Henry v. Adventist Health Castle Medical Center, Civil No. 18-00046 JAO-KJM ("Henry I") based on the substantial overlap between the allegations in Henry I and this action and the fact that Plaintiff sought to amend his complaint in Henry I to include certain of the claims presented in this case, and the denial of that request to amend was on appeal.[2] See ECF Nos. 82, 84.

After the Ninth Circuit affirmed in Henry I,[3] and the Supreme Court denied Plaintiff's petition for writ of certiorari, the District Court lifted the stay in this action. See ECF Nos. 85, 89, 92, 95. The parties stipulated to Plaintiff filing

---

[2] In Henry I, Plaintiff alleged Castle violated Title VII by discriminating and retaliating against him; the District Court granted summary judgment in Castle's favor because it concluded Plaintiff was an independent contractor and therefore not protected under Title VII. See Henry v. Adventist Health Castle Med. Ctr., 363 F. Supp. 3d 1128 (D. Haw. 2019).

[3] See Henry v. Adventist Health Castle Med. Ctr., 970 F.3d 1126 (9th Cir. 2020).

an amended complaint, see ECF Nos. 102, 104, and Castle moved to dismiss Plaintiff's Second Amended Complaint (SAC), see ECF No. 105.

On April 15, 2022, the District Court granted Castle's motion to dismiss Plaintiff's SAC with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). See ECF No. 145 (Order). The District Court first dismissed Counts II (conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985(3)) and IV (aiding and abetting discrimination and retaliation) with prejudice because Plaintiff had abandoned those claims. See id. at 15-16. Next, the District Court concluded that Counts I (discrimination and retaliation in violation of 42 U.S.C. § 1981) and III (violations of procedural and substantive due process) were precluded based on the final judgment entered in Henry I. See id. at 16-35.[4] Judgment was entered on April 15, 2022. See ECF No. 146. Castle's Fee Motion followed.

DISCUSSION

Castle moves for an award of $110,717.23 in fees, arguing it is entitled to attorneys' fees under 42 U.S.C. § 1988. See ECF No. 155. Under § 1988, a court may, in its discretion, award reasonable attorneys' fees in a suit seeking to vindicate rights under 42 U.S.C. §§ 1981 or 1985. See 42 U.S.C. §

---

[4] Because it dismissed the SAC, the District Court did not address Plaintiff's Ex Parte Application for Temporary Restraining Order, see ECF No. 121, nor the motion for partial summary judgment that Plaintiff had also filed, see ECF No. 107.

1988(b); see also Braunstein v. Arizona Dep't of Transp., 683 F.3d 1177, 1187 (9th Cir. 2012).  Because Congress wanted to encourage individuals to seek to vindicate their civil rights, "§ 1988 operates asymmetrically": "[a] prevailing plaintiff may recover attorneys' fees as a matter of course"; however, prevailing defendants "may only recover fees in 'exceptional circumstances' where the court finds that the plaintiff's claims are 'frivolous, unreasonable, or groundless.'" Id. (quoting Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 971 (9th Cir. 2011)).

"An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." Galen v. Cnty. of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)).  When assessing whether a prevailing defendant is entitled to fees, a court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421–22.  In a lawsuit involving a mix of frivolous and non-frivolous claims, a defendant may not obtain compensation for work unrelated to a frivolous claim, but only for work that counsel would not have performed but for the frivolous claim.  See Fox v. Vice, 563 U.S. 826, 834-38 (2011).

Here, the Court cannot find that Plaintiff's claims were frivolous, unreasonable, or groundless and thus that Castle is entitled to attorneys' fees

4

pursuant to § 1988. First, as Plaintiff notes, courts have recognized the complexity

of preclusion—even for lawyers—when assessing whether a prevailing defendant

may recover fees under Section 1988. See, e.g., Minor v. Fedex Off. & Print

Servs., Inc., 205 F. Supp. 3d 1081, 1088 (N.D. Cal. 2016) (addressing request for

fees against a *pro se* plaintiff specifically, but citing cases generally recognizing

that preclusion involves difficult procedural rules).[5] As the District Court here

noted, for example, whether claims are identical for purposes of claim preclusion is

not determined mechanically. See ECF No. 145 at 20. Plaintiff's counsel may

have reasonably believed—albeit incorrectly—that a second court would not have

found certain claims precluded based on Henry I, which was resolved based on

Plaintiff's status as an independent contractor rather than the merits of any alleged

retaliation or discrimination, where the district court could not have entertained his

request to amend his pleadings to seek relief that would be available to an

independent contractor or to add a constitutional claim. See Theodoropoulos v.

Cnty. of Los Angeles, 2016 WL 9223862, at *4 (C.D. Cal. Jan. 5, 2016) (denying

request for fees where claims were dismissed based on preclusion; noting that it

was not persuaded the plaintiff knew the claims were barred by res judicata and,

---

[5] For this reason, the Court is not persuaded by Castle's reliance on Margolis v. Ryan, 140 F.3d 850, 858 (9th Cir. 1998), which affirmed that a conspiracy claim against a state court judge was meritless and frivolous because it "relied solely on allegations that [the judge's] decisions were incorrect."

"[a]lthough it is more persuasive that his counsel [] should have known," ultimately finding the allegations were not "so patently without merit as to sustain a fee award pursuant to § 1988"), aff'd, 687 F. App'x 573 (9th Cir. 2017) (affirming dismissal based on preclusion in an unpublished disposition, without hearing argument, in reliance on settled precedent).

Castle repeatedly emphasizes Plaintiff's counsel's inconsistent statements on issues relevant to the preclusion analysis to support its contention that Plaintiff and his counsel *unreasonably* persisted in this suit.  While the District Court did rely on certain of Plaintiff's admissions, it also noted that whether to consider something a judicial admission was *discretionary*, see ECF No. 145 at 18, and did not rely on such admissions or inconsistencies alone in determining whether certain claims were precluded.  The Court has also reviewed the statement Plaintiff's counsel made to the Ninth Circuit during oral argument in Henry I.  See ECF No. 90-1 ¶ 3.  The District Court did not cite to that statement in its Order. And this Court cannot find counsel's statement shows that Plaintiff clearly knew Counts I and III were barred by claim preclusion—given the context of that statement appears to be in response to the question of whether the Ninth Circuit could consider the denial of the motion to amend moot based on this action.  For these reasons, the Court is not persuaded that representations in this action or Henry I justify finding Castle has met its burden under § 1988.

The Court does recognize that the District Court was not faced with an issue of first impression and relied only on Ninth Circuit precedent. But cf. ECF No. 145 at 31 (acknowledging that the governing case law on whether the "infringement of the same right" criterion weighed in Plaintiff's favor was "neither concrete nor well-developed"). Still, this Court notes that the District Court's 36-page order dismissing the SAC indicates that the arguments Plaintiff raised in opposition were carefully considered—even if ultimately rejected as insufficient to withstand a motion to dismiss. See Hughes v. Rowe, 449 U.S. 5, 15 (1980) ("Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals."). Based on this, the Court cannot find that the application of preclusion was so patently clear-cut as to render the action frivolous, unreasonable, or groundless. See Theodoropoulos, 2016 WL 9223862, at *4; compare Offord v. Parker, 456 F. App'x 472, 474 (5th Cir. 2012) (case on which Castle relies that awarded fees to defendant where plaintiffs clearly knew claims in federal action were barred by res judicata because they had also filed a prior state court lawsuit attacking the earlier judgment and "[r]elitigating a claim that has been barred by res judicata is frivolous") with Webber v. Mills, 597 F. Supp. 316, 319 (S.D. Fla. 1984) (case on which Plaintiff relies that declined to award fees even though plaintiff improperly omitted constitutional claims in state court action that derived

from the same facts and circumstances and implicated the same rights as federal action).

This is underscored by the fact that the District Court found that at least certain factors in the preclusion analysis weighed in Plaintiff's favor or were inconclusive—even if the balance of those factors ultimately favored dismissing certain of Plaintiff's claims on preclusion grounds.  See ECF No. 145 at 31-32.

Finally, as Plaintiff notes, other claims in the SAC were dismissed on grounds other than preclusion, namely that Plaintiff had abandoned them (according to him, because their applicability had diminished since Plaintiff settled with The Queen's Medical Center, who was also named as a defendant in this action).  See id. at 3-4, 8, 15-16.  Castle's Fee Motion offers no specific argument as to why those claims (Counts II and IV) were frivolous or groundless—and also does not appear to differentiate among those fees incurred only because of the claims dismissed based on preclusion.  See Fox, 563 U.S. at 836 ("Section 1988 allows a defendant to recover reasonable attorney's fees incurred because of, but only because of, a frivolous claim.").

In sum, the Court FINDS that Castle has not shown that an award of fees is warranted under § 1988 here and therefore RECOMMENDS that the District Court DENY its Fee Motion.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the District Court DENY Castle's Fee Motion.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 7, 2022.



Wes Reber Porter
United States Magistrate Judge

**DAVID HENRY, M.D. v. CASTLE MEDICAL CENTER; CIVIL NO. 18-00500 JAO-WRP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEY FEES**

9