IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID E. HENRY, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> CASTLE MEDICAL CENTER, <br><br> Defendant. | CIVIL NO. 18-00500 JAO-WRP <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEY FEES |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEY FEES**

Before the Court is Defendant Castle Medical Center's ("Defendant") Objection to and Statement of Appeal of Magistrate Judge's Findings and Recommendation to Deny Defendant's Motion for Attorney Fees ("Objection"). ECF No. 165. This matter shall be decided without a hearing pursuant to Local Rule 7.1(d). For the reasons articulated below, the Court rejects Defendant's objections and ADOPTS Magistrate Judge Porter's Findings and Recommendation to Deny Defendant's Motion for Attorney Fees ("F&R"). ECF No. 161.

## BACKGROUND

As the Court and the parties are familiar with the procedural history in this case, the Court recounts only those facts relevant to the disposition of the Objection.

Plaintiff commenced this action on December 21, 2018. ECF No. 1. On February 5, 2019, he filed a First Amended Complaint ("FAC"). ECF No. 8.

On March 14, 2019, Castle filed a Motion to Dismiss the First Amended Complaint. ECF No. 28.

On November 20, 2019, this case was reassigned to the undersigned because the issues are related to *Henry v. Adventist Health Castle Medical Center*, Civil No. 18-00046 JAO-KJM ("*Henry I*"). ECF Nos. 76–77. Following reassignment, the claims against Defendant The Queen's Medical Center were dismissed by stipulation. ECF No. 78.

On January 7, 2022, the parties stipulated to amend the FAC. ECF No. 102. Plaintiff filed a Second Amended Complaint ("SAC") on January 10, 2022, asserting four claims: Count I — discrimination and retaliation in violation of 42 U.S.C. § 1981, Count II — conspiracy to interfere with civil rights, in violation of 42 U.S.C. § 1985(3), Count III — violations of procedural and substantive due process, and Count IV — aiding and abetting discrimination and retaliation. ECF No. 104.

On January 11, 2022, Castle filed a Motion to Dismiss Plaintiff David E. Henry, M.D.'s Second Amended Complaint Filed January 11, 2022, ECF No. 105, and Plaintiff filed a Motion for Partial Summary Judgment on Counts I and III of Second Amended Complaint, ECF No. 107.

On March 10, 2022, Plaintiff filed an Ex Parte Motion for Temporary Restraining Order.  ECF No. 121.

On April 15, 2022, the Court issued an Order Granting Defendant Castle Medical Center's Motion to Dismiss Plaintiff David E. Henry, M.D.'s 104 Second Amended Complaint Filed January 11, 2022 ("Dismissal Order").  ECF No. 145; *see also Henry v. Castle Med. Ctr.*, CIVIL NO. 18-00500 JAO-WRP, 2022 WL 1129283 (D. Haw. Apr. 15, 2022).  The Court concluded that claim preclusion mandated the dismissal of Plaintiff's claims.  *See Henry*, 2022 WL 1129283, at *6–12.  Judgment entered the same day.  ECF No. 146.

On June 3, 2022, Defendant filed a Motion for Award of Attorneys' Fees and Costs ("Fee Motion").  ECF No. 165.  On July 7, 2022, Magistrate Judge Porter issued the F&R denying the Fee Motion.  ECF No. 161.  Defendant filed its Objection on July 21, 2022, ECF No. 165, and Plaintiff filed his Response on August 4, 2022, ECF No. 168.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## ANALYSIS

Defendant objects to Magistrate Judge Porter's F&R, specifically challenging his determination that Plaintiff's claims were not frivolous, unreasonable, or groundless. ECF No. 165-1 at 1. Defendant asks the Court to reject the F&R and grant its Fee Motion in full.[1] *Id.* at 2, 9. The Court rejects Defendant's objections and adopts the F&R.

---

[1] To the extent Defendant incorporates by reference its Fee Motion and related briefing, *see* ECF No. 165-1 at 3, the Court does not consider them. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) ("[T]he incorporation of

Defendant sought to recover $110,717.23 in attorneys' fees pursuant to 42 U.S.C. § 1988.  ECF No. 161 at 3.  Section 1988(b) authorizes an award of "reasonable attorney's fees" to the prevailing party in §§ 1981 and 1985 actions.  *See* 42 U.S.C. § 1988(b).  A "prevailing party" is one that "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotations marks and citation omitted).

Unlike prevailing plaintiffs, who "may receive attorneys' fees as a matter of course," prevailing defendants "may only recover fees in 'exceptional circumstances' where the court finds that the plaintiff's claims are 'frivolous, unreasonable, or groundless.'"  *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012) (citation omitted); *Fabbrini v. City of Dunsmuir*, 631 F.3d 1299, 1302 (9th Cir. 2011) ("A district court may award attorney's fees to a prevailing § 1983 defendant 'only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.'" (citations omitted)).  Therefore,

---

substantive material by reference is not sanctioned by the federal rules at issue, and the district court did not abuse its discretion in striking the incorporations."); *Williams v. County of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal. 2014) ("[T]he Court will not consider the arguments that Plaintiff improperly seeks to incorporate by reference.  This Court only considers arguments that are specifically and distinctively raised by the parties in their briefs." (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)); *Seto v. Thielen*, Civil No. 10-00351 SOM-BMK, 2010 WL 2612603, at *3 (D. Haw. June 28, 2010) ("Plaintiffs may not incorporate by reference facts and arguments previously made.").

"a prevailing defendant should not routinely be awarded attorneys' fees simply because he has succeeded." *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994).

"An action [is] frivolous when the result appears obvious or the arguments are wholly without merit," and a "defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception." *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (citations omitted). The Supreme Court has cautioned that district courts should refrain from engaging in "*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978).

Defendant expresses uncertainly about whether Magistrate Judge Porter determined that Defendant was a prevailing party. ECF No. 165-1 at 3. Implicit in his analysis of the prevailing defendant standard for awarding fees under § 1988, however, is the requisite threshold finding that Defendant is the prevailing party, and no one disputes that Defendant is. Indeed, the Court granted Defendant's motion to dismiss on preclusion grounds and judgment entered in its favor, so it is the prevailing party in this case.

Applying the prevailing defendant standard, Magistrate Judge Porter found that Plaintiff's claims were not frivolous, unreasonable, or groundless because: (1) issue preclusion is complex and Plaintiff's counsel may have reasonably believed that would not have found certain claims precluded based on *Henry I*, the resolution of which turned on his status as an independent contractor rather than the merits of retaliation or discrimination; (2) Plaintiff's counsel's inconsistent statements and representations in this case and *Henry I* relating to the preclusion analysis are insufficient to satisfy Defendant's burden; (3) notwithstanding the ultimate dismissal of this case on preclusion grounds, this Court carefully considered the parties' preclusion arguments in the 36-page Dismissal Order, which demonstrates that the issue was not patently clear cut, and at least some factors weighed in Plaintiff's favor.  ECF No. 165-1 at 4–8.

Reviewing the F&R de novo, the Court finds that Magistrate Judge Porter properly denied Defendant's request for fees.  Preliminarily, the fact that this Court did not find Plaintiff's claims to be frivolous, unreasonable, or without foundation alone supports Magistrate Judge Porter's denial of fees.  *See Fabbrini*, 631 F.3d at 1302 (holding that the district court erred by awarding fees because it did not find the plaintiff's § 1983 claim to be frivolous" (citation omitted)); *Garcia v. City & County of Honolulu*, CIV. NO. 18-00100 ACK-KSC, 2019 WL 1246270, at *4 (D. Haw. Feb. 27, 2019), *adopted by* 2019 WL 1246188 (D. Haw. Mar. 18, 2019)

(declining to recommend an award of fees absent a finding of frivolousness by the district judge); *Namohala v. Maeda*, Civil No. 11-00786 JMS-KSC, 2014 WL 1326584, at *3 (D. Haw. Apr. 1, 2014) (same and collecting cases).

Even if this were not so, the Court rejects Defendant's challenges to Magistrate Judge Porter's rationale for denying attorneys' fees and likewise concludes that an award of fees is unwarranted. At bottom, Defendant now believes, with the benefit of hindsight and a favorable outcome, that claim preclusion was obvious. Notably, while Defendant pursued claim preclusion as a basis for dismissal throughout the litigation, it characterized Plaintiff's claims as frivolous only after it prevailed. But Defendant is not entitled to fees simply because it prevailed, nor can the Court engage in post hoc reasoning to conclude that Plaintiff's lack of ultimate success necessarily means that his claims were frivolous or unreasonable. Moreover, the record amply supports Magistrate Judge Porter's recommendation.[2]

Belying Defendant's assertion of an obvious outcome, this Court engaged in a comprehensive, multi-criteria analysis to conclude that, on balance, claim preclusion applied. *See Henry*, 2022 WL 1129283, at *6–12. This required a close

---

[2] "[F]indings are unnecessary to sustain a denial of attorney's fees under section 1988. . . . it is implicit in a denial of attorney's fees to a defendant that a court has found that the action was not frivolous, unreasonable, or without foundation." *Maag v. Wessler*, 993 F.2d 718, 719 (9th Cir. 1993).

examination of Plaintiff's claims and records here and in *Henry I*, as well as Plaintiff's arguments against preclusion, e.g., the Bylaws prevented Plaintiff from asserting the claims in *Henry I* and preclusion should be denied on equitable grounds.  And in fact, one criterion weighed against claim preclusion, and another was inconclusive.  *See id.* at *11.  Had Plaintiff not abandoned Counts II and IV, their inclusion would have further complicated the analysis and *could* have altered the disposition of this case in part.  Thus, even though Plaintiff's claims were ultimately dismissed on preclusion grounds — and his opposition to preclusion assailable — it does not follow that his claims were frivolous, unreasonable, or without foundation.  *See Buckheit v. Dennis*, 573 F. App'x 662, 664 (9th Cir. 2014) (agreeing that the plaintiff's claims against the defendant were "extremely weak," but disagreeing that there was "no legal or factual basis" for them and accordingly reversing the award of attorneys' fees); *cf. Traver v. Meshriy*, 627 F.2d 934, 939 (9th Cir. 1980) (noting that a tenuous § 1983 claim is not frivolous).  The Court — Magistrate Judge Porter included — is in the best position to make this determination given its familiarity with and extensive knowledge of this case.  *See Maag*, 993 F.2d at 720–21 (affirming denial of attorneys' fees to the prevailing defendant and noting that a "denial is within the distinct province of a district court because it has superior knowledge of the facts" and that it has "never found a

9

district court's *refusal* to award attorney's fees to a prevailing civil rights defendant to be an abuse of discretion" (citation omitted)).

Defendant's current conviction that the outcome was obvious is undercut by its presentation of alternative bases — statute of limitations and failure to state a claim — for dismissal. *See Henry*, 2022 WL 1129283, at *5; ECF Nos. 105, 118. While the assertion of multiple arguments is perfectly reasonable and customary, this suggests that the application of claim preclusion was not the foregone conclusion that Defendant now portrays it to be. The Court's conclusion does not turn on this fact, however. As explained above, the dismissal of Plaintiff's claims on preclusion grounds was not obvious and was decided after the Court carefully evaluated and balanced the governing criteria against the applicable records. Because Plaintiff's claims are not frivolous, unreasonable, or without foundation, Defendant is not entitled to an award of attorneys' fees. The Court accordingly rejects Defendant's objections and adopts the F&R.

## CONCLUSION

For the reasons stated herein, the Court ADOPTS Magistrate Judge Porter's Findings and Recommendation to Deny Defendant's Joint Motion for Attorney Fees. ECF No. 161.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, August 18, 2022.



Jill A. Otake
United States District Judge

Civil No. 18-00500 JAO-WRP; *Henry v. Castle Medical Ctr.*; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEY FEES